UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HOLBROOK,

    Petitioner,

vs.                              CASE NO. 2:16-cv-10881
                                    HON. BERNARD A. FRIEDMAN

JEFFREY WOODS,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING THE HABEAS CASE AS DUPLICATIVE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Michigan prisoner Charles Holbrook ("petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. The petitioner was convicted of two counts of producing child sexually abusive material, Mich. Comp. Laws § 750.145c(2), two counts of allowing a child to engage in child sexually abusive activity, Mich. Comp. Laws § 750.145c(2), two counts of possessing child sexual abusive material, Mich. Comp. Laws § 750.145c(4), accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a, and felon in possession of a firearm, Mich. Comp. Laws § 750.224f, following a jury trial in the Kent County Circuit Court. He was sentenced to concurrent terms of 15 to 40 years imprisonment on the producing child sexually abusive materials and allowing a child to engage in sexually abusive material convictions, concurrent terms of 2 years 10 months to 8 years imprisonment for the possessing child sexually abusive materials and accosting a child for immoral purposes convictions, and a concurrent term of 2 years 10 months to 10 years for the felon in

possession conviction.

The petitioner has already filed a federal habeas action with this Court challenging the same convictions. That case was dismissed and then re-opened upon the petitioner's requests, and is currently pending. *See Holbrook v. Rapelje*, Case No. 2:13-cv-13137 (E.D. Mich.) (Friedman, J.). Consequently, the instant action is duplicative and must be dismissed. A suit is duplicative, and subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See, e.g., Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). Such is the case here. This habeas action is duplicative of petitioner's pending habeas action and must be dismissed. *See, e.g., Harrington v. Stegall,* 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *Colon v. Smith*, 2000 WL 760711, *1, n. 1 (E.D. Mich. May 8, 2000); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989). Accordingly, the Court dismisses this habeas case as duplicative. This dismissal is without prejudice to the pending habeas action in Case No. 2:13-cv-13137.

Before the petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court denies a certificate

of appealability.  The Court also denies leave to proceed in forma pauperis on appeal as an appeal cannot be take in good faith.  Fed. R. App. P. 24(a).

       SO ORDERED.

       _s/ Bernard A. Friedman_____
       BERNARD A. FRIEDMAN
       SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 29, 2016
      Detroit, Michigan